Ruth, Plaintiff in error, vs. The State, Defendant in error.

*September 20—October 5, 1909.*

*Criminal law: Information: Election between counts: Banks and banking: False entries and false reports: Evidence: Expert accountants: Conclusions from books: Immaterial errors: Verdict: Presumptions: Instructions to jury.*

1. The matter of requiring prosecuting officers in criminal cases to elect on what count of an information they will prosecute the cause is very much in the discretion of the trial court.

2. Three counts charging a bank cashier (1) with making false entries in the certificate register of the bank, (2) with making false entries in a ledger as to the amounts due from another bank, and (3) with making a false report to the commissioner of banking as to the amount due on time certificates and as to the amount due from other banks, all in violation of sec. 17, subch. II, ch. 234, Laws of 1903, were properly included in one information; and it was not error to refuse to compel the prosecuting attorney to elect between them.

3. In the trial of a case involving the examination of long book accounts it is proper for expert accountants to give in evidence, in summary form, the results of their examination of the books, time and opportunity being granted to the opposite party to use the books to test the correctness of such evidence and for the purpose of cross-examination.

4. In a prosecution for making a false report to the commissioner of banking, defendant was not prejudiced by testimony of experts that the books of another bank showed that he had falsified book entries and his report of the amount due from other banks to his bank, although there was no evidence of the contents of the books of the other bank or of their correctness,— it appearing otherwise conclusively from the report that defendant knowingly made a false report based on incorrect statements in the books of his bank, so that the testimony of the experts was simply corroborative of defendant's admitted knowledge of the falsity of the book entries and of his report to the commissioner of banking based thereon.

5. Under a count in an information charging that defendant wilfully made a false report to the commissioner of banking respecting (1) the amount due from other banks and (2) the amount of outstanding time certificates of deposits, a verdict of guilty may be sustained upon proof that the report was false

as to either one of the two matters specified, if it appears that the jury agreed as to that one.

6. In such a case a verdict of not guilty on another count charging the making of false entries in the bank's register of certificates (with which entries the report as to such certificates agreed) is *held* to show that the verdict of guilty as to the report was based on an agreement of the jury that such report was false in respect to the amount due from other banks.

7. It will be presumed that the verdict of the jury rests upon the facts established by the evidence.

8. An information charging the making of a false report to the commissioner of banking respecting two specific matters was read to the jury, and they were instructed that it was for them to determine under all of the evidence "whether or not there are any false statements or false entries in reference to the resources and liabilities of the bank . . . contained in such report, and whether or not such report contains any false statements or false entries with reference to any of the books of such bank." *Held*, that it must be presumed that the jury applied this general language to the specific matters charged in the information read to them, and that the instruction was not prejudicial to the defendant.

APPEAL from a judgment of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

The defendant in this case was the cashier of the Bank of Arcadia. He had been cashier for twenty-five years and was the executive head of the bank. In response to the request of the state commissioner of banking the defendant on December 3, 1907, made a report of the condition of the bank under his charge. The report was unsatisfactory to the commissioner, and upon examination of the bank he determined that the cashier was guilty of irregularities in the administration of the bank's affairs and had attempted to conceal them by false entries and omissions in the bank's books and by false statements in his report. Defendant was arrested upon the complaint of the commissioner charging him with the making of false entries in the books of the bank and in the report to the commissioner. He was informed against by the district attorney, and was charged (1) with making false entries in

the certificate register of the Bank of Arcadia, of which he was cashier; (2) with making false entries in a ledger, falsely stating the amount due to the Bank of Arcadia from the Second National Bank of Winona, Minnesota; (3) with making false entries in the report of the bank of which he was cashier to the state commissioner of banking regarding the amount "Due from banks" and the amount due on "Time certificates of deposit." The defendant demurred to the information for the reason that the three counts were improperly joined. The court overruled the demurrer. The defendant moved the court that the state be required to elect upon which count it would proceed to try the defendant. This motion was denied, and the defendant was tried on the charges as preferred in the information.

The register of certificates of deposits, some certificates of deposit, some pages of the cash book, and other records of the Bank of Arcadia, and two statements of the relation of the Bank of Winona to the Bank of Arcadia, which had been prepared by the bank and which were identified by the cashier of the Bank of Winona, were introduced in evidence. An expert who had spent some twelve days examining the books of the Bank of Arcadia gave evidence that there had been a difference between the books of the two banks for several years, and pointed out the entries in the books of the Bank of Arcadia or the failure to make entries of transactions and the other means by which these differences had been concealed. The evidence of this witness and of others tended to show that the entries made regarding the amounts due from the Bank of Winona to the Bank of Arcadia were not correct, and that the amount given in the report of the defendant to the commissioner of banking as to the amount of money due from the bank on time certificates of deposits was about $2,000 less than was the fact. The practice of the bank and the authority of the cashier in the matter of the books of the bank was put in evidence to establish defendant's responsi-

bility for incorrect statements regarding the bank's affairs and for false entries in the books of the Bank of Arcadia. At the conclusion of the evidence the court took from the jury the consideration of the second count in the information, on the ground that the evidence would not sustain a conviction on this count.

In submitting the case to the jury the court, after reading to them the third count in the information, instructed them:

"It is for you to determine under all of the evidence in the case whether or not there are any false statements or false entries in reference to the resources and liabilities of the bank . . . contained in such report, and whether or not such report contains any false statements or false entries with reference to any of the books of such bank."

The jury returned a verdict finding the defendant not guilty on the first count, but guilty on the third count. The case is now before this court for review.

*John F. Doherty* and *Geo. W. Bunge,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, A. C. Titus,* assistant attorney general, and *E. F. Hensel,* of counsel, and oral argument by *Mr. Titus* and *Mr. Hensel.*

SIEBECKER, J. The plaintiff in error alleges that the refusal of the court at the beginning of the trial to compel the district attorney to elect on which count of the information he would prosecute the case operated to his prejudice. The three counts of the information charged the defendant with making false entries in the books of the bank and with making a false report to the commissioner of banking. It is apparent that all of the offenses alleged in the three counts of the information pertained to alleged false entries in the bank books respecting transactions with other banks and with reference to outstanding time certificates. It is alleged that

these transactions were violations of the provisions of sec. 17, subch. II, ch. 234, Laws of 1903, which makes it an offense if "any banker, officer, director or employee of any bank . . . shall wilfully and knowingly subscribe to or make, or cause to be made, any false statement or false entry in the books of any bank, or mutual savings bank, . . . or shall knowingly make, state, or publish any false report or statement of such bank, or mutual savings bank." The different counts of the information all relate to false book entries and to the report to the commissioner of banking based thereon. The matter of requiring prosecuting officers in criminal cases to elect on what counts of an information they will prosecute the cause is deemed to be very much in the discretion of the trial court. It was no error to join the three counts in one information. The separate alleged offenses referred to false entries in the bank books and the report to the commissioner of banking, and pertained to acts of the defendant in making or causing a series of false book entries to be made for the purpose of deceiving others as to the true state of the bank's accounts and financial condition, and falsely reporting thereon to the commissioner of banking. These matters arose out of the transactions and acts of the defendant pertaining to his administration of the bank's business. Under such circumstances it was proper to charge the defendant with the different offenses arising out of these transactions in the same information and to proceed to trial on all of them. Such a proceeding in no way deprived the defendant of any rights, nor did it put him at a disadvantage in making his defense. This course of procedure is abundantly approved in the adjudications of this court. *State v. Gummer,* 22 Wis. 441; *Martin v. State,* 79 Wis. 165, 48 N. W. 119; *Colbert v. State,* 125 Wis. 423, 432, 104 N. W. 61. See, also, Bishop, New Crim. Proc. §§ 422–444.

The court discharged the defendant as to the second count and no further consideration need be given it.

It is urged by the accused that the court committed prejudicial error in admitting the evidence of the experts respecting the state of the account between the Arcadia and Winona banks and the condition of the accounts of the Arcadia bank. The claim is that these experts were permitted to testify that items of book entries were shown to be incorrect by means of summary statements and tables which they had taken and made from the book accounts of the books of both banks, without introducing in evidence all of these books and the entries on which such statements were based, and without producing any evidence tending to show that the book entries and accounts of the Winona bank were correct and true. The practice of permitting expert accountants to examine long book accounts and to give in summary form the results thereof for the information of the court and jury is approved as practical and proper in the trial of causes involving the examination of long book accounts. A proper administration, of course, requires that the opposing party shall be afforded the time and opportunity to test the correctness of the evidence, and for this purpose to have access to the books and the use of them for the purposes of cross-examination. In so far as this practice was adopted in the case, we find nothing in the record showing that the evidence of the experts on this subject was improper. The claim that the failure to offer in evidence all of the account books of the Arcadia bank which was covered by this evidence operated to defendant's prejudice is not shown, for it appears that all such books were brought into court, were identified, and were accessible to the defendant and his attorney.

It appears from the evidence of the experts that the Arcadia bank books disclose the fact that the defendant inserted in his report to the commissioner of banking an incorrect and false sum as the amount due from the Winona bank. It is contended that this evidence of the experts also included a statement that the books of the Winona bank show that the

defendant falsified book entries and his report of the amount due from other banks, that there is no evidence of the contents of such books or of their correctness, and that the jury may have found the defendant guilty upon this evidence. The inquiry arises whether such evidence could operate to the prejudice of the defendant. We conclude that the defendant could not have been prejudicially affected thereby, because it appears conclusively from the record, aside from the expert's evidence in the case, that he knowingly made the false report as charged in the third count of the indictment of which he was found guilty by the jury. It is established by the defendant's evidence that the bank's ledger accounts did not correctly state the amount due from the Winona bank on December 3, 1907, the date when the defendant reported the condition of his bank to the commissioner of banking. He testifies that he knew that these ledger accounts were incorrect, in that the sum due from the Winona bank, as there stated, exceeded the actual amount, and that the amount reported to the commissioner of banking as due from other banks was based on this incorrect statement. This state of the evidence shows that the statements of the experts were simply corroborative of defendant's admitted knowledge of the falsity of the book entries and of the report of December 3, 1907. The expert evidence so received could not under such circumstances operate to prejudice the defendant in any way, for he raised no issue as to these facts, and the inference of guilt from such undisputed facts was left to the determination of the jury.

It is furthermore contended that the verdict cannot stand because the element of the offense charged in the third count respecting the falsification of the report as to outstanding time certificates is not sustained by evidence, and because the jury in their verdict found defendant not guilty of wilfully falsifying the books and the report in this respect by their verdict on the first count in the information. The third count

charges the defendant with the offense of making a false report to the commissioner of banking and specifies that it was false in two respects, namely, in falsifying the items respecting (1) the amount due from other banks, and (2) the amount of the outstanding time certificates. The argument is that, since these two items are embraced in the charge, a verdict of guilty thereof cannot stand unless the proof shows that the report was falsely made as to both items. We do not find the claim well founded. True, the offense of falsifying the report is alleged to have been in the two particulars specified, but a finding that it was made wilfully false with intent to deceive in one of the specified ways would establish the offense of making a false report. It seems obvious that a falsification of the report as to one item constitutes a violation of the law under the alleged charge independently of the other violation specified in the information. The claim that it cannot be known whether the jury agreed to a verdict of guilty for falsely reporting the amount due from other banks is not to be indulged in view of their verdict that he was not guilty under the first count. This establishes affirmatively that their verdict of guilty on the third count must be based on other grounds and that it could only be that he made a false report of the amount due from other banks. Furthermore, it is presumed that the verdict of a jury rests upon the facts established by the evidence in the case. We are of the opinion that the verdict of guilty must be held to be an agreement of the jury that the defendant falsely and feloniously reported the amount due from other banks and it should stand.

The instructions of the court are assailed as erroneous for the reason that the court did not restrict the jury in agreeing upon their verdict upon the third count in the information to the offense embraced therein. The court read to the jury this charge in the information, and then stated to them:

"You have heard what it [the information] contains, and you have also had offered before you in evidence the report

itself, and it is for you to determine under all of the evidence in this case whether or not there are any false statements or false entries in reference to the resources and liabilities of the bank . . . . contained in such report, and whether or not such report contains any false statements or false entries with reference to any of the books of such bank."

Though the court used the words "any false statements or false entries" in speaking of the book entries and the resources and liabilities, it must be presumed that the jury applied this language in view of what immediately preceded, namely, that the prosecution was for falsifying the report in the two respects alleged in the information just read to them. This correctly informed them of the items embraced by the court in this general reference to any false statements or entries embraced in defendant's report. The instruction was therefore sufficiently restrictive to guide the jury in their deliberations and was not prejudicial to the accused.

We find nothing in the record showing any error affecting the substantial rights of the defendant to his prejudice and calling for a reversal of the judgment.

*By the Court.*—Judgment affirmed.