FRANCIS, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–485–CR. Submitted on briefs October 4, 1978.—
Decided January 9, 1979.*
(Also reported in 273 N.W.2d 310.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. Harvey William Francis (defendant) seeks review of a judgment of conviction in which he was adjudged guilty of rape (count 1) contrary to sec. 944.01, Stats., sexual perversion

(count 2) contrary to sec. 944.17(1), Stats., and robbery (count 3), contrary to sec. 943.32(1)(a), Stats., and of the order denying his motion for a new trial. He asserts that the trial court erred in ruling that the rape and sexual perversion counts of the information were properly joined with the robbery count. We hold that the joinder was proper, and we affirm the judgment and order.

The facts developed at trial are as follows: On November 24, 1975, as Ms. L., a twenty-five year old, was starting her car which was parked on a Milwaukee street, a man ran up from behind her. After a struggle the man pulled a black knit hat over her head down to her chin, completely blinding her, and he forced her to lie down on the car seat with her head on his right leg and her hands under his right leg as he drove the car. After a fifteen minute ride, he parked the car, threatened to stab her if she did not cooperate and took her, still blinded, into a dark apartment. While the lights were off he removed the knit hat and placed bandaids over her eyes. He removed her clothes, beat her, and performed a series of acts of sexual perversion and sexual intercourse. Finally he allowed her to get dressed, led her back to her car, drove for a while and then left her. Although Ms. L. was unable to make any positive identification, she did give police a description of her attacker.

About one month later, on December 28, 1975, as Ms. G., a twenty-eight year old, started her car, a man suddenly threw open the car door, and forced his way into her car. He placed a dark colored stretch knit hat over her head down to her chin. He forced her to lie down on the car seat with her head on his right leg and her hands under his right leg as he drove the car off. When the man stopped the car at a traffic light, Ms. G. struggled with him and escaped, leaving her hat and her purse in the car. When police arrived at the scene Ms. G. gave them a description of the assailant.

The defendant, Harvey William Francis, who matched Ms. G.'s description, was picked up by police and taken to the scene of the robbery where Ms. G. was unable to identify him. Francis agreed to take the officers to his apartment to get his dark knit stocking cap. On a shelf of an open closet in the apartment, the police found Ms. G.'s purse.

Police arrested Francis for the robbery. He later wrote out and signed a statement confessing the robbery. Because of the close similarity in *modus operandi*, Francis was also questioned about the crime involving Ms. L. which had occurred one month earlier and within two blocks of the incident involving Ms. G. He orally confessed the acts of rape and sexual perversion and identified the two women as his victims.

A criminal complaint was filed which contained three counts. Counts 1 and 2 involved the rape and act of sexual perversion; count 3 involved the robbery of Ms. G. The defendant moved for severance of count 3 from the other two counts. The motion was denied.

A jury trial resulted in verdicts of guilty on all three counts. Francis moved for a new trial on the sole ground that joinder of count 3 with counts 1 and 2 "was improper and contrary to sec. 971.12(1), Stats." The motion was denied.

Sec. 971.12(1), Stats., which was adopted in 1969, identifies the circumstances under which joinder of offenses in the same complaint is permissible.

"971.12 **Joinder of crimes and of defendants.** (1) JOINDER OF CRIMES. Two or more crimes may be charged in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan. When a misdemeanor is joined with a felony,

the trial shall be in the court with jurisdiction to try the felony."

This provision does not require joinder of offenses, nor does joinder of offenses require holding a joint trial on the charges.

Sec. 971.12(3) authorizes the trial court to require separate trials of the counts if the defendant or state is prejudiced by a joinder.

"(3) RELIEF FROM PREJUDICIAL JOINDER. If it appears that a defendant or the state is prejudiced by a joinder of crimes or of defendants in a complaint, information or indictment or by such joinder for trial together, the court may order separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. The district attorney shall advise the court prior to trial if he intends to use the statement of a codefendant which implicates another defendant in the crime charged. Thereupon, the judge shall grant a severance as to any such defendant."

Subsection (1) of sec. 971.12, Stats., is substantially similar to Rule 8(a) of the Federal Rules of Criminal Procedure.[1] One commentator has noted that the federal rules prescribe the criteria for joinder in a deceptively simple way which has given rise to much misunderstanding. 8 Moore, *Federal Practice,* para. 8.02[1], p. 8–2 (1978 rev. ed.).

---

[1] Legislative Committee Comment 1969, sec. 971.12, 42A Wis. Stats. Anno.

Fed. R. Crim. P. 8(a) provides: "Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

See Note, *Joinder and Severance Under the New Wisconsin Criminal Procedure Code,* 1971 Wis. L. Rev. 608.

Neither party contends that the crimes charged in the first two counts are of "the same or similar character" as that charged in the third count or that the first two counts are based on "the same act or transaction" as the third count. The issue is whether the crimes charged in counts 1 and 2 can be joined with that charged in count 3 because all the crimes charged are based on two or more acts or transactions "connected together or constituting parts of a common scheme or plan" as that phrase is used in sec. 971.12(1).

Defendant urges us to construe the phrase narrowly to mean that the separate crimes must be interrelated so that one offense is committed to aid in accomplishing the other or that each crime is a part of a single transaction or series of transactions motivated by common scheme or plan, such as occurs in an embezzlement or check-kiting scheme. *See e.g. Ruth v. State,* 140 Wis. 373, 122 N.W. 733 (1909) ; *Peters v. State,* 70 Wis.2d 22, 29, 233 N.W.2d 420 (1975) ; *United States v. Weber,* 437 F.2d 327, 331 (3d Cir. 1970) ; *Bayless v. United States,* 381 F.2d 67, 72 (9th Cir. 1967) ; *United States v. Scott,* 326 F. Supp. 272 (D.C. Pa. 1971) ; Remington & Joseph, *Charging, Convicting & Sentencing the Multiple Offender,* 1961 Wis. L. Rev. 528, 537. If the phrase is construed as the defendant urges joinder might not be proper in the case at bar. None of the three crimes charged was committed to aid in accomplishing either of the other crimes charged. The three crimes were arguably not parts of a single transaction or of a series of transactions motivated by a common scheme.

We find no reason to construe sec. 971.12(1) this narrowly.

A broad interpretation of the joinder provision is consistent with the purposes of joinder, namely trial convenience for the state and convenience and advantage to the defendant. Remington & Joseph, *Charging, Con-*

*victing & Sentencing the Multiple Offender,* 1961 Wis. L. Rev. 528, 538–39.

This court has historically favored the joinder of charges in a single information. In *Gutenkunst v. State,* 218 Wis. 96, 99, 259 N.W. 610 (1935), this court noted:

"In a criminal case, at least so far as the pleading is concerned, no reasonable grounds exist for not including in the same indictment offenses committed by the same defendant, even though they differ from each other, vary in degree of punishment and were committed at different times . . . ."

More recently, in *State v. Kramer,* 45 Wis.2d 20, 171 N.W.2d 919 (1969), joinder of diverse charges was permitted under sec. 955.14(1), Stats.,[2] the precursor of the present statute. Kramer was charged with false imprisonment (sec. 940.30, Stats.), injury by conduct regardless of life (sec. 940.23, Stats.), armed robbery (sec. 943.32 (1), Stats.), and two counts of physical damage to property (sec. 943.01(1), Stats.). These counts related to two acts and two victims. Kramer's *modus operandi* was to crimp the gas line of a parked car, wait for the woman driver to return to the car, follow the damaged car until it came to a stop, offer the woman a ride, and then commit a crime. Kramer used this plan twice on one day. In the first instance the plan aborted; the victim's damaged car stopped running in a well-lighted area, and Kramer attempted no criminal activity. In the second instance, Kramer drove the victim to an isolated area, took her money, kept her on the floor of the back seat at knife point, and stabbed her. This court concluded that the joinder of the count relating to the property damage of the first car with the other counts relating to property

---

[2] Sec. 955.14(1), Stats. 1967:

"Different crimes and different degrees of the same crime may be joined in one information, indictment or complaint."

damage of the second car and the three felonies committed on the second woman was proper under the statute.

In *Kramer,* the court went on to compare the result which could have obtained had Federal Rule 8(a) been applicable and commented: "Even under the more precise language of the Federal Rules [8(a)] the joinder is proper. There was evidence which could lead the court and jury to conclude that the acts in regard to both the . . . automobiles were parts of a common scheme or plan, and it appears clear that the *modus operandi* in each case was of a similar character." *State v. Kramer,* 45 Wis.2d at 36.

Federal courts have broadly construed Rule 8(a) in favor of initial joinder of actions. *United States v. Park,* 531 F.2d 754, 761 (5th Cir. 1976). In determining whether the offenses are based on acts or transactions connected together a significant consideration is whether joinder would serve the goals of trial economy and convenience. Thus the phrase "connected together or constituting parts of a common scheme or plan" has been interpreted to mean *inter alia* that the crimes charged have a common factor or factors of substantial factual importance, *e.g.,* time, place or *modus operandi,* so that the evidence of each crime is relevant to establish a common scheme or plan that tends to establish the identity of the perpetrator. *United States v. McDaniel,* 538 F.2d 408, 411 (D.C. Cir. 1976); *United States v. Carter,* 475 F.2d 349 (D.C. Cir. 1973); *United States v. Miller,* 449 F.2d 974, 981 (D.C. Cir. 1971); *Baker v. United States,* 401 F.2d 958 (D.C. Cir. 1968); *cf. People v. Matson,* 117 Cal. Rptr. 664, 528 P.2d 752 (1974).

In the case at bar we conclude that counts one and two charging the defendant with rape and sexual perversion were properly joined with count 3 charging robbery. The crimes charged involve two or more acts or transactions

exhibiting the same *modus operandi;* these acts are connected together or constitute parts of a common scheme or plan that tends to establish the identity of the perpetrator. The perpetrator attacked a lone woman as she was starting her car. He forced his way into the driver's seat and blinded the woman by placing a knit hat over her head. He forced the woman to lie down on the car seat with her head placed on his lap and her hands under his right leg. He drove away in the woman's car. The purpose of Francis' scheme was to assault the woman. He accomplished this purpose in his attack on Ms. L. Although he did not accomplish this purpose in his attack on Ms. G., he indicated his purpose when, in response to her question asking what he wanted, the defendant answered, "I want you." The two incidents were close in time (thirty-five days) ; they both occurred within two blocks of each other. The evidence of each crime would be admissible at separate trials for each crime. *State v. Tarrell,* 74 Wis.2d 647, 247 N.W.2d 696 (1976) ; *Sanford v. State,* 76 Wis.2d 72, 250 N.W.2d 348 (1977) ; *Lambert v. State,* 73 Wis.2d 590, 604, 243 N.W.2d 524 (1976). Thus we conclude joinder was proper under sec. 971.12(1), Stats.

Sec. 971.12(3), Stats., confers discretion on the trial court to order separate trials of counts which are properly joined under sec. 971.12(1), Stats., if the defendant is prejudiced by joinder. *Drew v. United States,* 331 F.2d 85, 87 (1964) ; *Peters v. State,* 70 Wis.2d 22, 30, 233 N.W.2d 420 (1975).

In his appellate brief, in the motion hearing in trial court, and in his motion for a new trial the defendant did not attempt to show that he was prejudiced by the joinder; the defendant does not argue that the trial court abused its discretion in denying the motion for severance. *Bailey v. State,* 65 Wis.2d 331, 346, 222 N.W.2d 871 (1974).

Because the question of prejudice is not before the court, we need not discuss it.

*By the Court.*—The judgment of conviction and the order denying the defendant's motion for a new trial are affirmed.