STATE of Wisconsin, Plaintiff-Respondent,

v.

Joshua A. PRESCOTT, Defendant-Appellant.†

Court of Appeals

*No. 2011AP2952–CR. Submitted on briefs October 10, 2012. —Decided November 14, 2012.*

Oral Argument:

**2012 WI App 136**

(Also reported in 825 N.W.2d 515.)

---

† Petition For Review denied March 12, 2013.

---

On behalf of the defendant-appellant, the cause was submitted on the brief of *Glen B. Kulkoski* of *Carr, Kulkoski & Stuller, S.C.* of New Berlin.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Maura FJ Whelan*, assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Joshua A. Prescott appeals the judgment convicting him of first-degree reckless injury by use of a dangerous weapon and of possession of a firearm by a felon. Prescott also appeals the order denying his postconviction motion for relief, in which Prescott alleged ineffective assistance of counsel due to defense counsel's failure to move for severance of the felon in possession charge. On appeal, Prescott argues that his trial counsel was ineffective for not seeking relief from the prejudicial joinder of the two charges. We disagree and affirm.

## BACKGROUND

¶ 2. On October 1, 2010, Prescott was charged with one count of first-degree recklessly endangering

safety by use of a dangerous weapon, as a party to a crime, and one count of possession of a firearm by a felon, stemming from the shooting of a twelve-year-old girl, T.O. According to the complaint, on the night of July 27, 2010, Prescott and Dominique Gillespie walked to a field near the intersection of 21st Street and Concordia Avenue, in Milwaukee. Prescott began shooting at a nearby residence. The complaint states that Prescott, wearing all black and a mask, fired multiple shots towards the residence and struck T.O. in her left breast, left bicep and right forearm. T.O. survived the shooting. The complaint also states that Prescott had previously been adjudicated delinquent for a felony offense.

¶ 3. At Prescott's arraignment on November 5, 2010, an Information was filed charging Prescott with one count of first-degree reckless injury by use of a dangerous weapon, as a party to a crime, and one count of possession of a firearm by a felon. Prescott pled not guilty to both counts and the case proceeded to a jury trial. Both charges were tried together without objection. However, to support the felon in possession charge, the State, defense counsel and Prescott agreed to a stipulation about Prescott's prior adjudication. The trial court read the stipulation to the jury:

> The State of Wisconsin and the defendant hereby stipulate to the following facts. That on July 27, 2010, the defendant, Joshua Prescott, had been adjudicated delinquent for an act committed after April 21st, 1994 that if committed by an adult in this State would be a felony for the purposes of Wisconsin Statute Section 941.29. And this is signed by the parties and you should accept these facts as conclusively proved.

¶ 4. Multiple witnesses testified at Prescott's trial. Among them were Gillespie, Prescott's co-actor,

who relayed many of the details leading up to the shooting. Gillespie testified that he witnessed Prescott shooting at a home near 21st Street and Concordia Avenue at the time T.O. was shot. Barbara Brown, a resident of the home Prescott was shooting at, also testified. She stated that on the night of the shooting, T.O., who is Brown's niece, and T.O.'s twin brother, were visiting from Arkansas. T.O. was on Brown's porch with a few of T.O.'s cousins when Brown heard gun shots and eventually discovered that T.O. had been shot. Brown also testified as to a conflict between Prescott and T.O.'s brother, M.O. Dalonne Jones, an acquaintance of Prescott's, also testified as to Prescott's efforts to first obtain, and then get rid of, a gun. Jones testified that on the day of the shooting, Prescott text messaged him asking him (Jones) to tell Prescott's brother to supply Prescott with a "mask and shells." Jones also testified that after the shooting, Prescott contacted Jones, asking Jones to arrange the exchange of Prescott's nine millimeter handgun for a different gun belonging to an acquaintance.

¶ 5. Prescott was convicted by the jury on both charges. He was subsequently sentenced to nineteen years on the reckless injury charge, consisting of fifteen years' initial confinement and four years' extended supervision. Prescott was sentenced to five years on the felon in possession charge, consecutive to the reckless injury charge, consisting of three years' initial confinement and two years' extended supervision.

¶ 6. Prescott filed a postconviction motion seeking a new trial, arguing that his defense counsel was ineffective for failing to move to sever the felon in possession charge from the reckless injury charge. Prescott argued that the joinder of the two charges was prejudicial because the jury was made aware of his prior

318

conviction, which was irrelevant to the reckless injury charge. Prescott also argued that evidence of his prior conviction was inadmissible as to the reckless injury charge because Prescott did not testify at his trial, making evidence of his prior conviction inadmissible because his credibility was not at issue.

¶ 7. The trial court[1] denied Prescott's motion in a written opinion, stating:

> The court would not have granted severance and held two trials . . . . [T]he offenses were based on the same act. Although the defendant may have argued that he would be substantially prejudiced on [the reckless injury count] by the introduction of his prior felony conviction as an element of felon in possession of a firearm, the court would have weighed this factor along with the type of evidence that would be used to provide each offense. It would have taken into consideration how intertwined the facts were between the two counts; how many witnesses were to be called; and whether severed trials would involve all of the same evidence. In this case, the court would have concluded that the evidence would have been duplicated almost in its entirety for context purposes and that the testimony of eleven witnesses, with two from Arkansas (including the twelve-year-old victim), would not have favored severance from the standpoint of judicial resources and economy. These factors would have outweighed the defendant's reasons for severance, and the court would have denied the motion.

¶ 8. This appeal follows. Additional details are discussed as relevant to the discussion.

---

[1] Because Prescott's trial, sentencing and postconviction motion were all handled by the same judge, we refer to the trial court, the sentencing court and the postconviction court simply as "the trial court."

## DISCUSSION

¶ 9. Prescott contends that his trial counsel was ineffective for not moving to sever the charges for trial because the jury inappropriately heard evidence of Prescott's prior felony conviction while considering the first-degree reckless injury charge. In addition, no limiting instruction was given to the jury directing it to consider the felony conviction only in connection with the possession of a firearm charge. Prescott argues that evidence of his prior conviction was inadmissible pursuant to Wis. Stat. § 906.09(1) (2009–10)² because he did not testify at trial, thus, his credibility was not at issue. Because his credibility was not at issue, Prescott argues, evidence of his prior felony conviction was inadmissible as to the reckless injury charge. There is no previously reported case in Wisconsin, relied on by either party, or located by this court, which addresses this issue. Prescott's focus, however, is misplaced. In arguing that his trial counsel was ineffective for failing to seek severance, Prescott must show that it is reasonably probable that severance would have resulted in his acquittal of the reckless injury charge. He has not done so.

¶ 10. An ineffective assistance of counsel claim presents a mixed question of fact and law. *State v. Erickson*, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). We accept the trial court's findings of fact unless they

---

² All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

Wisconsin Stat. § 906.09(1) provides, in relevant part: "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or adjudicated delinquent is admissible."

are clearly erroneous, but whether counsel's performance fell below the constitutional minimum is a question of law that we review independently. *Id.*

■

¶ 11. To prevail on an ineffective assistance claim, a defendant must prove both that counsel performed deficiently and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a defendant must show that his or her attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To establish prejudice, a defendant must demonstrate that there is a reasonable probability that, absent counsel's errors, the result of the proceeding would have been different. *Id.* at 694. "A defendant who alleges that counsel was ineffective by failing to take certain steps must show with specificity what the actions, if taken, would have revealed and how they would have altered the outcome of the proceeding." *State v. Byrge*, 225 Wis. 2d 702, 724, 594 N.W.2d 388 (Ct. App. 1999); *see also State v. Flynn*, 190 Wis. 2d 31, 48, 527 N.W.2d 343 (Ct. App. 1994). If a defendant fails to establish either prong of the *Strickland* test, we need not determine whether the other prong was satisfied. *Id.*, 466 U.S. at 697.

## I. Proper Joinder.

¶ 12. Wisconsin Stat. § 971.12(1), the joinder statute, provides in relevant part: "[t]wo or more crimes may be charged in the same complaint, information or indictment . . . if the crimes charged, . . . are based on the same act or transaction or on 2 or more acts or transactions."

¶ 13. Under Wisconsin law, the proper joinder of criminal offenses is presumptively non-prejudicial. *See State v. Linton*, 2010 WI App 129, ¶ 20, 329 Wis. 2d 687, 791 N.W.2d 222. In order to rebut that presumption, the defendant must show substantial prejudice to his defense; some prejudice is insufficient. *State v. Hoffman*, 106 Wis. 2d 185, 209, 316 N.W.2d 143 (Ct. App. 1982).

¶ 14. If a court is persuaded that either the defendant or the State is prejudiced by a joinder of crimes or defendants, Wis. Stat. § 971.12(3) provides that "the court may order separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

¶ 15. "Whether crimes are properly joined in a complaint is a question of law." *State v. Bellows*, 218 Wis. 2d 614, 622, 582 N.W.2d 53 (Ct. App. 1998). "The joinder statute is to be broadly construed in favor of initial joinder." *See id.* If a defendant moves to sever the charges against him, "a trial court must determine what, if any, prejudice would result in a trial on the joined charges; any potential prejudice must be weighed against the interests of the public in conducting a single trial on the multiple counts." *Id.* at 623.

¶ 16. Here, the trial court considered the joinder issue, stating that it would have denied defense counsel's motion for severance, had one been made, because "the evidence would have been duplicated almost in its entirety for context purposes and that the testimony of eleven witnesses, with two from Arkansas (including the twelve-year-old victim), would not have favored severance from the standpoint of judicial resources and economy." The trial court concluded that

the facts underlying both charges were too intertwined to warrant separate trials. We understand these findings to also indicate that both charges arose from the same act, namely the defendant shooting multiple times at a home obviously occupied by people.

¶ 17. Based on our review of the record, we agree with the trial court that the charges were properly joined. The felon in possession and reckless injury charges were "based on the same act or transaction." *See* Wis. Stat. § 971.12(1). Evidence of both charges was based almost entirely upon the July 27, 2010 shooting of T.O. Multiple witnesses testified at trial, all providing testimony either as to Prescott's efforts to obtain a gun, the shooting itself, or Prescott's efforts to get rid of the gun. The facts underlying both charges overlap significantly. Conducting two trials with essentially the same evidence would have been against the interest of judicial economy.

## II. Substantial Prejudice.

¶ 18. We consider whether Prescott has demonstrated substantial prejudice by the joinder. Prescott's argument is that evidence of his "felon" status was inadmissible at trial on the reckless injury charge because he did not testify, so his credibility was not at issue. *See* Wis. Stat. § 906.09(1). We agree that evidence of Prescott's prior conviction shows some prejudice resulting from the joinder. The question is whether, under the facts of this case, this is substantial prejudice required to rebut the presumption of proper joinder. *See*

*Hoffman,* 106 Wis. 2d at 210 (Substantial prejudice is a " 'higher degree of prejudice, or certainty of prejudice.' ") (citation omitted).

¶ 19. The only evidence the jury heard about Prescott's prior conviction was the stipulation, stating simply that the prior act "if committed by an adult in this State would be a felony for the purposes of Wisconsin Statute Section 941.29." After instructing the jury on the elements of each of the charges, the trial court instructed the jury to consider each charge separately, stating "[y]our verdict for the crime charged in one count must not affect your verdict on any other count." We presume that juries follow instructions. *See State v. Johnston,* 184 Wis. 2d 794, 822, 518 N.W.2d 759 (1994).

¶ 20. Here, the record contains overwhelming evidence of Prescott's guilt of first-degree reckless injury, which we conclude overcomes any prejudice that might have resulted from the felony conviction stipulation. Multiple witnesses testified at trial. The State's main witness, Gillespie, testified that he witnessed Prescott shooting at Brown's house at the time T.O. was shot. Gillespie further testified that: during the evening, shortly before the shooting, he and Prescott saw two masks and a gun in the home he and Prescott were visiting—that of Prescott's girlfriend—located at 22nd Street and Concordia Avenue. He and Prescott took the masks and walked through an alleyway to an open field. Gillespie did not see whether Prescott took the gun from the house. Prescott asked Gillespie "if [he had] seen anybody out there," and then "started to open fire" after Gillespie answered in the negative. After hearing Prescott fire multiple gunshots, he (Gillespie) ran back to Prescott's girlfriend's house using the route through the alleyway. He and Prescott took separate routes back to Prescott's girlfriend's house. When Gillespie arrived

at the house, Prescott was already there and still had the gun. Prescott was dressed in all black that night.

¶ 21. Richard Littlejohn testified at trial. At the time of the shooting, Littlejohn was sitting on his porch, near the intersection of 21st Street and Concordia Avenue. He observed a man dressed in all black fire a gun from the vacant field across the street. Littlejohn stated that he saw muzzle flashes from the gun and heard six or seven shots fired before laying down on his porch.

¶ 22. Dalonne Jones, an acquaintance of Prescott, testified that on the day of the shooting, Prescott sent a text message asking Jones to tell Prescott's brother to supply Prescott with a "mask and shells." Jones also stated that the day after the shooting Prescott asked Jones to arrange the exchange of his nine millimeter handgun for a .44 caliber handgun belonging to an acquaintance, Jimmie Horne. Police found ten nine millimeter brass shell casings in the vacant lot next to the home on 21st Street and Concordia Avenue.

¶ 23. Prescott has not demonstrated that he was substantially prejudiced by the joinder of the felon in possession and reckless injury charges. Prescott's counsel was not ineffective for failing to attempt to sever the charges.

*By the Court.*—Judgment and order affirmed.