# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 5, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2023AP1748-CR**
**2023AP1749-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2020CF1449
2020CM1804

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DAX D. DRONSO,

    DEFENDANT-APPELLANT.

APPEAL from judgments of the circuit court for Waukesha County: LLOYD V. CARTER, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Dax D. Dronso appeals from judgments of conviction entered in these consolidated cases after a jury trial.  Dronso argues that the circuit court erred in granting the State's motion to join these two cases for trial.[1]  We affirm.

¶2     Dronso was charged with two counts of burglary after his estranged wife identified him to police after identifying Dronso from video surveillance footage as the person who burglarized two Muskego bars.  Dronso's wife was able to recognize him immediately from the video based on some unique physical characteristics of the burglar.  She was also able to identify Dronso because of the burglar's clothes and the specific shoes he was wearing.   Dronso's wife remembered buying the shoes depicted in the video, and presented the police with a receipt verifying the shoe purchase.   Dronso subsequently sent multiple electronic messages to his wife calling her a "fucking snitching bitch," threatening to kill her, and otherwise harassing and scaring her.  As a result, Dronso was charged in a second case with using a computerized communication system to send threats of physical harm.

¶3     After Dronso entered not guilty pleas in both cases, the State moved to join the cases for trial.  Dronso objected, and the circuit court held a hearing on the motion.  Dronso argued that joinder was improper because the two cases were not connected.   Citing the spousal privilege statute, WIS. STAT. § 905.05(1) (2021-22),[2] Dronso further asserted that his wife "is married to the defendant and

---

[1]  The Honorable Brad D. Schimel presided over these cases through Dronso's sentencing hearing.  The Honorable Lloyd V. Carter signed the judgments of conviction.

[2]  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

may not testify against him." At the close of the hearing, the court granted the State's joinder motion. In support of its decision, the court made the following findings:

> [Dronso's wife] provided critical information to the State's prosecution. It's not privileged private communication, at least the part we are talking about here. And the threats do appear to be linked to her cooperating with law enforcement. So I will find that there is a sufficient link between these cases and that if the cases had been filed all at once, the State could have joined these charges in a separate information.

Regarding spousal privilege, the court limited the extent to which Dronso's wife could testify against him, barring testimony that Dronso had confessed to his wife that he had committed the Muskego burglaries, but allowing testimony regarding the wife's identification of Dronso from the video surveillance footage, as those were not private communications between the couple.

¶4 The joined cases proceeded to a jury trial. Following a two-day trial, the jury found Dronso guilty on all three counts. The circuit court imposed concurrent sentences totaling three years of initial confinement and three years of extended supervision. Dronso appeals.

¶5 Dronso argues that the circuit court erred in ordering joinder of the threats case and the burglary cases for trial. He asserts that the criteria for joinder under the statute were not satisfied because the charges were neither "of the same or similar character or are based on the same act or transaction," nor were they "based … on [two] or more acts or transactions connected together or constituting parts of a common scheme or plan." *See* WIS. STAT. § 971.12(1). Dronso contends that there was "no connection" between the threats count and the burglary counts. For the reasons that follow, we disagree.

3

¶6    Joinder is governed by WIS. STAT. § 971.12.  The "statute is to be broadly construed in favor of initial joinder." *State v. Prescott*, 2012 WI App 136, ¶15, 345 Wis. 2d 313, 825 N.W.2d 515 (citation omitted).  Such broad construction is warranted to serve the statute's goals and purposes, namely, to promote trial economy and judicial efficiency, and "to eliminate multiple trials against the same defendant, which promotes fiscal responsibility." *See State v. Salinas*, 2016 WI 44, ¶36, 369 Wis. 2d 9, 879 N.W.2d 609.  Whether crimes are properly joined is a question of law that we review de novo. *Id.*, ¶30.

¶7    Under WIS. STAT. § 971.12(1), crimes may be charged together in the same complaint or information if:  (1) they are of the same or similar character; (2) they are based on the same act or transaction; (3) they are based on two or more acts or transactions that are connected together; or (4) they are based on two or more acts or transactions that constitute part of a common scheme or plan. *See id.*; *see also Salinas*, 369 Wis. 2d 9, ¶31.  Pursuant to § 971.12(4), two or more complaints or informations may be tried together if the crimes alleged in each charging document could have been joined in a single charging document.

¶8    *Salinas* directs Wisconsin courts to determine whether crimes are "connected together" by examining:

> a variety of factors, including but not limited to:  (1) are the charges closely related; (2) are there common factors of substantial importance; (3) did one charge arise out of the investigation of the other; (4) are the crimes close in time or close in location, or do the crimes involve the same victims; (5) are the crimes similar in manner, scheme or plan; (6) was one crime committed to prevent punishment for another; and (7) would joinder serve the goals and purposes of WIS. STAT. § 971.12.

*Salinas*, 369 Wis. 2d 9, ¶43. Charges may be connected together for purposes of joinder when several of the listed factors are applicable, notwithstanding the inapplicability of some of them. *See id.*, ¶44.

¶9      Upon our de novo review, we conclude that the joinder was justified here. Joining the two cases for trial served the objectives of trial economy and convenience, and it was consistent with Wisconsin's established preference for joining charges in a single trial. *See Francis v. State*, 86 Wis. 2d 554, 560, 273 N.W.2d 310 (1979) (concluding that "a significant consideration" in deciding a motion for joinder "is whether joinder would serve the goals of trial economy and convenience."). Additionally, joining the cases in one proceeding made sense for at least the following reasons: Dronso was the sole defendant in both cases; Dronso's wife was the victim in one case and a key witness who identified Dronso from video surveillance footage in the other; and, in both cases, evidence from the other case was either necessary to understand or relevant to prove the charge or charges. The fact of the burglary prosecution and his wife's role in that prosecution was necessary to understand why Dronso threatened to kill her. Likewise, Dronso's threats to harm his wife because she was a "snitching bitch" demonstrated Dronso's awareness of his own guilt, despite his claims of innocence.

¶10      Turning to additional factors for consideration, we further conclude that the threats charge "[arose] out of the investigation" of the burglaries charge because the assistance of Dronso's wife in the Muskego-burglaries investigation so angered Dronso that he threatened to kill his wife. *See Salinas*, 369 Wis. 2d 9, ¶43. The threats from Dronso were made close in time to the burglaries; Dronso sent the threatening messages to his wife within days of her cooperation with the police and identified Dronso from the video surveillance footage. Moreover, one

arguable purpose of the threats against Dronso's wife was "to prevent punishment" for the burglaries by intimidating her and discouraging her continued cooperation with law enforcement in the prosecution for the burglaries. *See id.* In this way, the threats were also a part of a "common scheme or plan" under WIS. STAT. § 971.12(1) to avoid accountability for the burglaries.

¶11 In sum, a majority of the joinder factors, as interpreted by *Salinas*, apply here and permit initial joinder under the theory that the two sets of crimes are connected together. Undeniably, in circumstances where one set of crimes is committed to avoid punishment for another set of crimes, "[t]here can be no dispute" that joinder is authorized by WIS. STAT. § 971.12(1). *See State v. Bettinger*, 100 Wis. 2d 691, 693-94, 303 N.W.2d 585 (1981) (concluding that a charge of sexual assault was indisputably joined properly with a charge of trying to bribe the victim-witness to drop the charge).

¶12 Dronso argues that joinder was improper because allowing his wife to testify against him severely prejudiced him. Dronso's prejudice argument focuses on the spousal privilege in WIS. STAT. § 905.05(1). He argues that "joinder of the cases was violative of spousal privilege." Dronso takes the position that simply calling his wife to testify at his trial constituted a violation of the privilege. He further asserts that admission of the electronic messages sent to his wife constituting the offense of threatening physical harm—"the so-called threatening excerpts"—was improper. Again, we disagree.

¶13 As noted above, the circuit court considered the spousal privilege and strictly limited the topics on which Dronso's wife could testify to prevent prejudice. WISCONSIN STAT. § 905.05(3)(b) provides, as relevant: "There is no privilege … [i]n proceedings in which one spouse or former spouse … is charged

6

with a crime against the person or property of the other." Thus, Dronso's argument that he was prejudiced because joinder somehow violated spousal privilege is without merit, and he fails to meet his burden to overcome the presumption that joinder was not prejudicial. *See* ***State v. Linton***, 2010 WI App 129, ¶15, 329 Wis. 2d 687, 791 N.W.2d 222 (establishing that when the criteria for initial joinder are met, joinder is presumed to be non-prejudicial, and defendant has the burden to overcome the presumption and prove "substantial prejudice").

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.